UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| GLORIA AGUILAR HERNANDEZ, | ) | No. CV 09-04058-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

    determined that Plaintiff does not suffer from a medically determinable left shoulder impairment; and

 2. Whether the ALJ properly considered the opinion of the treating physician.

(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**THIS MATTER MUST BE REMANDED FOR DETERMINATION OF WHETHER PLAINTIFF SUFFERS A SEVERE IMPAIRMENT CONCERNING HER LEFT SHOULDER**

The ALJ determined that Plaintiff has certain severe impairments; however, with regard to her left shoulder, the ALJ found that her condition did not persist for more than 12 consecutive months. Therefore, a severe impairment of Plaintiff's left shoulder was not found. (AR 28.) Plaintiff contends that this conclusion was erroneous, because her left shoulder impairment did persist for more than 12 months.

 **A.** **Summary of Evidence**.

At the hearing, Plaintiff testified as to her left shoulder impairment in the following interchange with her counsel:

"By Attorney:

Q What problems were you having prior to the surgery with respect to your left shoulder?

2

```
 1        A    It was bothering me -- I was getting really bad
 2             pain on it.  It happened like right after my
 3             surgery.  I was walking with a cane going up the
 4             stairs and I must have did something with the
 5             cane or something.  But my arm -- that's the only
 6             thing I could think of that did it.  And the
 7             [sic] did an MRI and they found a tear in the
 8             rotor, rotor --
 9        Q    Rotator cuff?
10        A    -- rotator cuff, yes.
11        Q    So the pain in your left shoulder started after
12             the surgery in June of 2002?
13        A    Yes."
14   (AR 79-80.)
```

On September 15, 2004, Plaintiff's treating physician, Dr. Schiffman, submitted an "Orthopedic Permanent and Stationary Report" to Plaintiff's counsel. (AR 326-331.) There, he summarized Plaintiff's medical history, including Plaintiff's report that after back surgery in June 2002, she developed problems in her right lower extremity, and used a back brace and a cane. Plaintiff reported that while going up and down the stairs, she strained her left shoulder in August 2002, and then had shoulder surgery on October 18, 2003. Plaintiff reported that although she still had some pain in her shoulder after the surgery, it was improving. (AR 327.)

An MRI scan of Plaintiff's left shoulder on November 7, 2002 revealed a "full thickness tear of the supraspinatus tendon at its humeral insertion." (AR 342.)

3

**B.   Applicable Law**.

20 C.F.R. §404.1505(a) defines disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment(s) that makes you unable to do your past relevant work ... or any other substantial gainful work that exists in the national economy."

It is required that an impairment "must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Further, the Commissioner considers medical opinions which are "statements from physicians ... that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." (20 C.F.R. §416.927(a), (2).)

The term "symptoms" is defined as "your own description of your physical or mental impairment." (20 C.F.R. §416.928(a).)

Finally, in evaluating symptoms, the Commissioner is required to consider both objective medical evidence and other evidence. The latter term includes "statements or reports from you, your treating or non-treating source, and others about your medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence showing how your impairment(s) and any related symptoms affect your ability to work ..." (20 C.F.R. §416.929(a).) The same section provides that "we will consider all of your statements about

4

your symptoms, ..."

Finally, it is required that the impairment must have lasted or must be expected to last for a continuous period of at least 12 months, which is defined as the "duration requirement." (20 C.F.R. §416.909.)

### C. Analysis.

The Commissioner concedes that Plaintiff injured her shoulder in late 2002 and reported this in August 2002. (See JS at 9, citing AR 335.) The Commissioner relies upon the ALJ's emphasis of the fact that the first documented medical evidence of a left shoulder injury was an MRI scan which occurred on November 7, 2002. (Id., citing AR 32, 342.) From this, the Commissioner concludes that, "there was no substantial evidence that Plaintiff was disabled for a continuous 12-month period." (JS at 9, citations omitted.)

The problem with the Commissioner's analysis is that it conflates the finding of whether a disability exists with the requirement that an impairment must last for a continuous period of 12 months. Plaintiff injured her shoulder in August 2002 (or at least reported this to a physician at that time). The condition may have been largely resolved by surgery which occurred in October 2003 (AR 329). Thus, it is obvious that Plaintiff's left shoulder condition persisted for a period of more than 12 months. While the Commissioner would like this Court to evaluate medical evidence in the record, such as a report from neurologist Dr. Maze prepared on January 20, 2006 (JS at 10, AR 281-284), to support his argument that if the ALJ committed error, it was harmless (because, he argues, Plaintiff did not exhibit any severe functional limitations emanating from her left shoulder

5

injury), this Court is constrained by the parameters of the ALJ's decision. That decision rejected a finding of severe impairment related to Plaintiff's left shoulder because it was found that the durational requirement had not been met. This was clearly erroneous based on the evidence in the record and the Commissioner's concession that, in fact, Plaintiff injured her left shoulder more than 12 months before any symptoms from the injury were resolved by surgery. Moreover, this Court cannot resolve apparent contradictions between, for example, Dr. Maze's conclusions, and those of her treating physician, who found that based on her left shoulder injury, Plaintiff would be precluded from lifting more than five pounds, forceful pushing and pulling and over-shoulder use. (See AR at 330.) Simply put, this Court must reverse the ALJ's decision because it erroneously found that Plaintiff's left shoulder condition did not meet the durational requirement. On remand, the evidence must be reexamined at Step Two of the sequential evaluation process to determine whether Plaintiff has or had a severe impairment concerning her left shoulder injury.

The Court need only devote brief attention to Plaintiff's second issue, which concerns the ALJ's evaluation of a December 16, 1998 "Permanent & Stationery [sic] Report" of Dr. Mehdi Habibi (AR 212-214.) Specifically, the ALJ rejected Dr. Habibi's opinion that Plaintiff is "not a candidate for heavy lifting, repeated bending, pushing, prolonged sitting, standing, walking, or crawling." (AR 31, 213.) The ALJ's stated reasons for rejecting this conclusion were that it was,

> "based on objective factors of only 'minimal' residual radiculopathy ... and 'muscle spasm and tenderness which is

>     minimal and infrequent but could become frequent and
>     moderate based on patient's activities.' (Citation omitted.)
>     It seems to me that it is inappropriate to base limitations
>     on conditions that 'could' arise. Social Security Ruling
>     96-8p provides that an individual's residual functional
>     capacity is not the <u>least</u> that she can do despite her
>     limitations or restrictions, but the <u>most</u>. Dr. Habibi fails
>     to describe the most that the [Plaintiff] can do."

(AR 31.)

Indeed, the ALJ's determination to reject Dr. Habibi's opinion has evidentiary support. His recitation of the "subjective" factors of disability described residual lower back pain and radicular pain in the lower extremity which is "minimal and infrequent, however may become frequent and moderate to severe based on [Plaintiff's] activity." (AR 212.) Regarding objective factors of disability, Dr. Habibi again found "minimal and infrequent" limitation range of the motion of the lumbosacral spine, post-lumbar muscle spasm and tenderness, but noted that this "could become frequent and moderate based on [Plaintiff's] activities." (AR 212.)

Dr. Habibi's opinion clearly is speculative as to Plaintiff's functional restrictions, with regard to possible future limitations based on her activities. Dr. Habibi's current examination did not support his conclusions as to Plaintiff's <u>present</u> functional abilities. The Court agrees with the Commissioner's assertion that Dr. Habibi's conclusions were unsupported by the evidence, and thus not entitled to any deference by the ALJ. See <u>Connett v. Barnhart</u>, 340 F.3d 871, 875 (9th Cir. 2003).

7

For the foregoing reasons, discussed as to Plaintiff's first issue, this matter must be remanded for a new hearing.

**IT IS SO ORDERED.**

DATED: March 10, 2010                         /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE